Beaumont Farms, Inc. v. Commissioner.
Beaumont Farms, Inc. v. Commissioner
Docket No. 17463.
United States Tax Court
1949 Tax Ct. Memo LEXIS 151; 8 T.C.M. (CCH) 589; T.C.M. (RIA) 49153; June 20, 1949
R. B. Cannon, Esq., 903 Sinclair Bldg., Fort WorthTex., and Frank O. Taylor, C.P.A., for the petitioner. Allen T. Akin, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The Commissioner determined against petitioner the following deficiencies in tax: Declared Value
Excess
Income
Excess-Profits
Profits
Year
Tax
Tax
Tax
1943
$4,315.00
$ 587.91
$ 6,236.46
1944
2,883.55
23,593.44
1945
8,070.61
54,906.88 These deficiencies resulted in part from increases *152 in the profits derived from sales of rice. These profits were computed by the use of rice inventories which petitioner valued at cost of production and which the Commissioner valued at selling price. Petitioner contends that its valuation should be sustained as reasonable and in conformity with its normal practice. Petitioner also contends that assessment and collection of the 1943 deficiencies are barred by the statute of limitations. Respondent concedes that they are. Findings of Fact Petitioner, a Texas corporation with principal office at Beaumont, Texas, filed its income tax, declared value excess-profits tax and excess profits tax returns for 1943, 1944 and 1945 with the collector of internal revenue for the first district of Texas. The returns for 1943 were filed on March 15, 1944. Under date of December 10, 1947, the Commissioner mailed to petitioner a 90-day notice of deficiencies in tax for 1943, 1944 and 1945 and of an overassessment for 1946. Petitioner was organized in 1929, and has since engaged in the production and sale of rice. Under its method of operation it furnishes land, seed and water to a farmer who provides the labor and machinery of production, and the *153 crop is divided equally between them. Rice is normally harvested between August and December, but because of weather conditions some may not be harvested until January. Petitioner has its share of the crop packed in sacks and before sale stores them in warehouses of the Beaumont Rice Mills, its principal customer. On its income tax return for 1938 petitioner reported a rice inventory of $25,546.76 at the beginning of the year and no inventory at the close. The opening inventory was reflected in the cost of goods sold. On its return for 1939 no opening or closing inventory was reported, and none was shown on the books. On the return for 1940 no inventory was shown at the beginning of the year, but an inventory of $23,824.50, representing 7,943 1/2 sacks, was indicated for the close, and was reflected as a deduction in computation of the cost of goods sold. The inventory value was computed at $3 a sack. On the 1941 return an opening inventory of $23,824.50 was indicated and added to cost of goods sold, but no inventory was shown for the end of the year. On the 1942 return no inventories at all were shown and none appeared on petitioner's books. The Commissioner determined deficiencies *154 in petitioner's income tax, declared value excess-profits tax and excess profits tax for 1941 and 1942, in part, by recomputing the cost of goods sold by use of inventories valued on "the same basis * * * that you used for the closing inventory of 1940". Petitioner contested the determination, and filed with this Court a petition for review, Docket No. 5853, but thereafter stipulated deficiencies in the amounts determined, and decision was entered pursuant to the stipulation on November 14, 1944. In arriving at the amounts of inventory used in making these determinations for 1941 and 1942, respondent took the price at which the residue of a crop had been sold in the following year and made some small adjustments of costs. Although petitioner indicated on its return no opening inventory for 1943, it had on January 1 of that year 3,429 1/2 sacks of rice produced in 1942 which it sold in January and February 1943, for $24,189.48. The accounts of the farms which produced this rice were not closed by a transfer to the profit and loss account until the sales. At the end of 1943 petitioner held 5,285 sacks of the 1943 crop which had cost $20,888.65 to produce and which it sold in 1944 for *155 $48,366.31. At the end of 1944 it held a balance of the 1944 crop which had cost $46,675.12 to produce, and which it sold in 1945 for $103,806.05. At the end of 1945 it held a balance of the 1945 crop which had cost $50,059.94 to produce, and which it sold in 1946 for $179,162.55. On its tax return for 1943 petitioner reported gross sales of $74,032.24. It showed no opening inventory but reduced deductible costs by a closing inventory of $20,888.65, the production cost of the rice on hand. The Commissioner substituted for this cost figure an inventory value of $48,366.31, representing the price received for that part of the 1943 crop sold in 1944, thus increasing 1943 rice profits by $27,477.66. He then reduced this increase to $16,835.28 by deducting $10,642.38 as value of a determined opening inventory. On its tax return for 1944 petitioner reported gross sales of $48,330.83. It computed the cost of goods sold by use of an opening inventory of $20,888.65 and a closing inventory of $46,675.12, which represented production cost of the rice held at the year's end. The Commissioner substituted for the production cost figure $103,806.05, representing the price received for that part *156 of the 1944 crop sold and reported in 1945; allowed a minor expense adjustment of $73.84, and thus increased 1944 rice profits by $57,057.09. But as petitioner had reported for 1944 profits of $27,477.66 which the Commissioner had shifted back to 1943 under the prior adjustment, the determined increase was reduced by that amount to $29,579.43. On its tax return for 1945 petitioner reported gross sales of $103,806.05. It computed the cost of goods sold by use of an opening inventory of $46,675.12 and a closing inventory of $50,059.94, which represented production cost of the rice held at the year's end. The Commissioner substituted for the production cost figure $179,162.55, representing the price received for that part of the 1945 crop sold and reported in 1946, and thus increased 1945 rice profits by $129,102.61. But as petitioner had reported for 1945 profits of $57,057.09 which the Commissioner had shifted back to 1944 under the prior adjustment, the determined increase was reduced by that amount to $72,045.52. Opinion Petitioner assigns error in the Commissioner's changes of its inventory values used in the computation of profits from rice sales during the years 1943, 1944 *157 and 1945, and in respect of the deficiency for 1943 pleads that assessment and collection was barred by the limitation of section 275 (a), Internal Revenue Code, prior to the mailing of the deficiency notice on December 10, 1947. The normal period for assessment and collection fixed by section 275 (a) is three years after the return was filed. This period expired on March 15, 1947, and as respondent now admits that under the evidence adduced only $3,288.18, instead of the $16,835.28 determined, should be added to petitioner's reported gross income of $32,072.45 for 1943, the omission was not in excess of 25 per centum of the amount stated in the return, and hence 275 (a) has no application. Respondent properly concedes that the statute bars assessment and collection, and that there is no deficiency for 1943. Petitioner contends as to 1944 and 1945 that it properly computed the cost of goods sold in arriving at profits from its rice sales by the use of inventories. Section 22 (c) provides: "(c) Inventories. - Whenever in the opinion of the Commissioner the use of inventories is necessary in order clearly to determine the income of any taxpayer, inventories *158 shall be taken by such taxpayer upon such basis as the Commissioner, with the approval of the Secretary, may prescribe as conforming as nearly as may be to the best accounting practice in the trade or business and as most clearly reflecting the income." The Commissioner's Regulations 111, as amended, permit farmers to choose an inventory basis for the rendering of their returns, section 29.22(c)-6, and to compute inventory by the "farm-price method", which is defined as "market price less direct cost of disposition." But the Commissioner recognizes that since the inventory must conform to good accounting practice and clearly reflect income, the "rules cannot be uniform" and "greater weight is to be given to consistency than to any particular method of inventorying or basis of valuation." Section 29.22(c)-2. The valuation method once chosen by a taxpayer can not be changed without the Commissioner's consent. Cf. Kenneth S. Battelle, 9 T.C. 299. Petitioner argues that from its inception it has consistently followed the practice: "* * * of pricing it inventory of unsold rice on hand at the close of the taxable year (when any rice remained on hand at the end of the *159 year) at cost of production. In one single instance only did it deviate from this rigid practice. Its inventory of unsold rice on hand at December 31, 1940, was priced at an arbitrary amount, * * *." Such a method of valuing inventory, if consistently followed, would in our opinion be sound for accounting purposes and would satisfactorily reflect income over the years. Its effect would be to carry forward the cost of rice on hand at the end of the year and reflect such cost in the profit computation for the year of sale. But petitioner has failed to show any consistent practice. Its accountant testified that no inventory appeared on the books at the close of 1938 and 1939; the returns show none for the ends of those years. We might perhaps infer that there was no rice on hand to include in an inventory, although there is no explicit evidence to that effect. But this inference can not be lightly drawn in view of the fact that the returns and books showed no inventories at the close of 1941 and 1942 while the accountant made a passing reference to 333 sacks of the 1941 rice crop carried over to 1942 and testified in detail that 3,429 1/2 sacks of the 1942 crop were sold in January *160 and February 1943 for $24,189.48. The only inventory figure appearing on a return after the beginning of 1938 and before the close of 1943 was the $23,824.50 given as the closing inventory of 1940 and the opening inventory of 1941. This figure, according to the accountant, reflects $3 a sack for the rice then on hand. Although the accountant had kept petitioner's books since 1929, he could not say whether the $3 was market price or production cost or something else. We are persuaded that petitioner had no consistent practice at all in respect of inventories either in its bookkeeping or in reporting income. The Commissioner accepted the 1940 return, which showed only a closing inventory, and apparently he accepted the preceding returns, which showed none. But he did not accept the returns for 1941 and 1942, on which the only inventory shown was the closing inventory of 1940 used as the opening inventory of 1941. He determined a closing inventory for 1941 and for 1942, each valued by reference to the actual price at which rice on hand at the end of the year had been eventually sold and made some expense adjustments. In the notice of deficiency he asserted that he had used "the same *161 basis * * * that you used for the closing inventory of 1940." But we can not believe that he did so. While the $3 a unit figure was not explained, it is not reasonable to suppose that it represented a uniform price at which 7,943.5 sacks were sold. It seems rather to have been arbitrarily chosen for convenience. Thus petitioner never valued inventory by the method used in the notice, and the Commissioner may not force on the taxpayer a valuation method which the taxpayer himself has not chosen, Estate of Mrs. Cornelia Adair, 43 B.T.A. 384. Any method chosen or determined, moreover, must basically conform to accounting practice which permits a clear reflection of income over an annual period. If the Commissioner had computed inventory by reference to the market price of rice at the year's end or by reference to some other factor determinable as of that time, his method would at least be feasible for accounting and tax-reporting purposes. But the price at which petitioner eventually sells the rice at some time or times after the year's end is not such a factor. That figure is not known at the close of the taxable year; may not be known on March 15 of the succeeding year, *162 or indeed there may be no sale until after the close of the succeeding year. The Commissioner's method represents a valuation of inventory in the light of events necessarily subsequent to the date as of which the valuation is made and possibly subsequent to the date on which it must be made. It appears in fact that all of petitioner's rice crop for 1944 and 1945 was sold in the succeeding year since the Commissioner's closing inventory valuation for each of those years exactly equals gross rice sales in 1945 and 1946. Thus the Commissioner in effect is taxing petitioner in 1944 and 1945 on the exact profits of sales not consumated until the following year. This method we can not approve. It requires the use of figures not ascertainable at the taxable year's end. Under the circumstances we are forced to make a decision of expediency. It appears from the record that from the close of 1943 to the close of 1946 petitioner has consistently used an inventory method of computing rice profits and that the inventory has been valued at production cost. Under this method the expenses of current crop production fall in the year in which they were incurred, while the sale proceeds, less any additional *163 expenses, are reflected in gross income as of the year of sale. Book entries of the end of a taxable year provide all necessary factors for the computation of profits, and while there may be some technical distortion of income in the sense that the expense of producing unsold inventoried rice serves to reduce the profit from rice sold during the year, such distortion is no greater than occurs in the reporting of income on the basis of cash receipts and disbursements, and is compensated by an increased profit in the year of sale. Section 29.22(c)-6 of Regulations 111 requires an adjustment in the prior year's income if any change is made to inventories or in the valuation of inventories, as respondent correctly stresses. But since the statute of limitations here bars the assessment and collection of any deficiency for 1943, leaving the tax as reported by petitioner, no adjustment is now possible in any event. Decision will be entered under Rule 50.